**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-4218

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JACK DEON COOPER, a/k/a Donald Deon Jones,

Defendant - Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Charleston.  John T. Copenhaver,
Jr., District Judge.  (2:10-cr-00124-1)

Submitted:  August 26, 2011        Decided:  September 2, 2011

Before DUNCAN, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, Lex A. Coleman, Assistant Federal Public
Defender, Charleston, West Virginia, for Appellant.  R. Booth
Goodwin II, United States Attorney, William B. King, II,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jack Deon Cooper pled guilty to distribution of oxycodone, in violation of 21 U.S.C. § 841(a)(1) (2006), and was sentenced to a term of ninety-six months. Cooper appeals his sentence, contending that the district court clearly erred in treating $5000 he agreed to deliver from one co-conspirator to another as relevant conduct. U.S. Sentencing Guidelines Manual §§ 1B1.3, 2D1.1 (2010). We affirm.

On July 16, 2010, Cooper drove from Detroit, Michigan, to Craigsville, West Virginia, and sold 145 Oxycodone pills to Chrissy May for $10,000. May had recently been arrested and was cooperating with authorities, who set up audio and video equipment in her house to record the transaction. May had bought oxycodone from Cooper before, as well as from "Manny," an associate of his. While Cooper was at her house, May gave him $5000 to deliver to Manny. In the presentence report, the probation officer recommended that an additional seventy-seven oxycodone pills, the number $5000 would buy, should be included in Cooper's relevant conduct because it was "reasonably foreseeable" to him that the money was payment for oxycodone May had previously obtained from Manny. See USSG § 1B1.3(a)(1)(B). Cooper objected that he did not know that the money was for a drug debt.

2

The audio recording of Cooper's transaction with May was so poor that it did not reveal whether May told Cooper that the $5000 was for payment of her drug debt. At Cooper's sentencing, May testified that she owed money to Manny for Oxycodone and he had agreed to take $5000 in payment of her debt. May could not remember whether she told Cooper what the money was for, but she testified that he would have understood that the money was to pay off a drug debt to Manny, because he knew that was the basis of their relationship. The district court determined that Cooper would have known the money was for a drug debt because "the only dealings that existed between Manny and Chrissy May were oxycodone transactions[.]" The court further found that Cooper was involved in a jointly undertaken criminal activity, and was properly held responsible for the $5000.

On appeal, Cooper argues that May's debt to Manny could not have been "reasonably foreseeable" to him because it was incurred before the single drug distribution to which he pled guilty. A district court commits procedural error by basing a sentence on clearly erroneous facts. Gall v. United States, 552 U.S. 38, 51 (2007).

When an offense involves "jointly undertaken criminal activity," regardless of whether it is charged as a conspiracy, the defendant is accountable for his own conduct, USSG

3

§ 1B1.3(a)(1)(A), as well as, for sentencing purposes, "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity," which "occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." USSG § 1B1.3(a)(1). Cooper points out that Application Note 2 to § 1B1.3 states:

> A defendant's relevant conduct does not include the conduct of members of a conspiracy prior to the defendant's joining the conspiracy, even if the defendant knows of the conduct (e.g., in the case of a defendant who joins an ongoing drug distribution conspiracy knowing that it had been selling two kilograms of cocaine per week, the cocaine sold prior to the defendant joining the conspiracy is not included as relevant conduct in determining the defendant's offense level).

We note that the court did not attribute the debt to Cooper as reasonably foreseeable conduct of his co-conspirators. Rather, Cooper was held responsible for his own conduct. The court found that he agreed to deliver money from May to Manny when his knowledge of May's past drug dealings with Manny gave him reason to infer that the money was drug proceeds. He thus aided and abetted the ongoing drug distribution agreement between May and Manny, and in so doing he knowingly aided that conspiracy. Thus, in attributing the $5000 to Cooper, the

4

district court correctly held him responsible under § 1B1.3(a)(1)(A), which provides that a defendant's relevant conduct includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant[.]"

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5